**Evelyn K. Young, Administratrix of the Estate of Dean E. Young, Deceased, Appellant, v. Donald Gossling, Defendant, Theodore Jablonski, Appellee.**

**Gen. No. 47,744.**

First District, Third Division.
December 9, 1959.
Rehearing denied January 28, 1960.
Released for publication January 29, 1960.

Jaffe, Green, and Murnighan, of Chicago, for plaintiff-appellant.

Tenney, Sherman, Bentley, and Guthrie, of Chicago (S. Ashley Guthrie, of counsel) for defendant-appellee, Theodore Jablonski.

JUSTICE FRIEND delivered the opinion of the court.

Plaintiff brought an action for damages for the fatal shooting of the intestate, Dean E. Young, by the defendant, Donald Gossling, a police officer of the Village of Riverside, Illinois, while accompanied by his fellow officer, Theodore Jablonski. Jablonski's motion to strike the complaint and dismiss the action as to him was allowed by the court, and the administratrix appeals. In the order of dismissal, the court found that there was no reason for delaying enforcement of the order or appeal therefrom, as provided by section 45 (2) of the Civil Practice Act (Ill. Rev. Stat. 1959, ch. 110).

The sole question presented is whether the complaint set forth a cause of action as to Jablonski. The shooting occurred on December 31, 1955, when Dean E. Young was driving an automobile in the village and, as alleged in the complaint, was in the commission of a misdemeanor. The defendant police officers were in a village squad car and in conformance with their duty pursued Young's car through the village. Young lost control of his automobile and crashed into a tree. The complaint alleges that "defendants knew or should have known that it was difficult for said intestate to escape on foot," but that nevertheless Gossling discharged a deadly weapon at Young, inflicting wounds from which he died.

It is further alleged that although Young was in the commission of a misdemeanor, defendants had no

427

knowledge, information or reasonable cause for suspecting that he was guilty "of any other thing or matter"; that defendant Gossling, disregarding his duty, shot at Young, inflicting wounds from which he died; that Jablonski, being then and there in the exercise of his duties as a policeman for the village, was charged with the duty of preventing any crimes contrary to the statutes of the State of Illinois, "and was more particularly charged with the duty of preventing commission of a murder or the commission of a felonious assault with a deadly weapon where he had reasonable opportunity so to do, but that said defendant Jablonski negligently and carelessly failed to discharge his duty in that behalf, which duty said defendant Jablonski owed to the public at large and to plaintiff's intestate; so that as a direct and proximate result of the careless and negligent failure to discharge said duty when said defendant Jablonski had a reasonable opportunity to prevent it, plaintiff's intestate was feloniously assaulted with a deadly weapon and was murdered in the presence of said Jablonski." The motion to dismiss is predicated principally on the failure of the complaint to charge that Jablonski was directly or indirectly responsible for the discharge of the weapon that caused Young's death, or that Jablonski was guilty of any wrong or negligence causing or contributing to the injury on account of which this action was brought.

The administratrix rests her case against Jablonski upon the allegations of paragraph 6 of the complaint that Jablonski had "the duty" to prevent Gossling from shooting at Dean Young, and that he "negligently and carelessly" failed to perform that duty and was therefore liable for the resulting fatal injury.

The two officers pursued Young in a police squad car. There are no allegations in the complaint indicating the details of the shooting—whether the shots

428

were fired at Young from the car, or after the policemen had alighted; nothing to show whether the policemen, at the moment of the shooting, were acting independently or in concert. The charge is that Jablonski had the duty to prevent Gossling from shooting at Young, but the complaint does not allege that the officers were standing together so that Jablonski could have anticipated or prevented the shooting. From all that appears in the complaint, they may have been standing at opposite sides of the car, in which event Jablonski could not have anticipated or known that Gossling would fire, and therefore could not have "negligently and carelessly" failed to perform his alleged duty of prevention. The allegations of the complaint were mere conclusions and too general to sustain the cause of action as to Jablonski. Plaintiff did not seek to amend the complaint but, rather, elected to stand on it.

Under the circumstances the court properly allowed the motion to strike the complaint and dismiss the suit as to Jablonski, and the judgment is therefore affirmed.

Judgment affirmed.

BRYANT, P. J. and BURKE, J., concur.